# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO.: 3:09-CV-00821-TBR

**ERIC and KARIE DOCKERY**                                                        **PLAINTIFFS**

v.

**COUNTRYWIDE HOME LOANS, INC., d/b/a**
**AMERICA'S WHOLESALE LENDER, et al.**                                            **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court upon Defendants, Countrywide Home Loans, Inc., Countrywide Financial Corporation, and Bank of America Corporation's, Motion for Judgment on the Pleadings (DN 7). The Plaintiffs, Eric and Karie Dockery, have filed a response (DN 10). The Defendants have filed a reply (DN 11). This matter is now ripe for adjudication. For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

This action stems from events that took place beginning in October 2004. Plaintiffs, Eric and Karie Dockery, met with a Sales Manager at Countrywide Home Loans, Inc. ("CHL"), in October 2004 to refinance their home. The refinance was completed in early 2005. Plaintiffs allege that they did not realize that their loan was an adjustable rate loan until after execution of the documents at closing. That same day Plaintiffs attempted to rescind their loan by contacting the Sales Manager and CHL. Plaintiffs allege CHL refused their rescission request.

One year later, Plaintiffs sought to refinance their loan into a fixed rate loan. Plaintiffs refinanced with CHL; however, they received two adjustable rate mortgages instead of the promised fixed rate loan. Plaintiffs did not meet with the closing agent at the closing; instead, Plaintiffs executed the documents by themselves.

Plaintiffs were contacted by another CHL loan officer in August 2007. This officer allegedly promised to refinance Plaintiffs' existing loans with a fixed, thirty year loan. Plaintiffs' applied for this refinance but it never occurred. Two months later, Plaintiffs contacted CHL about loan modification. In February 2008, Plaintiffs again sent the loan modification documents as well as a check. There was some confusion about receipt of the modification documents and the check, therefore, Plaintiffs allegedly sent a qualified written request for an accounting of all payments. CHL provided an accounting; however, Plaintiffs claim the accounting failed to note their February check.

On July 24, 2008, Plaintiffs voluntarily filed a joint petition for chapter 7 bankruptcy. Schedule B of their bankruptcy schedules required Plaintiffs list any "[o]ther contingent and unliquidated claims of every nature." Plaintiffs responded there were "none." During the bankruptcy proceedings, Mortgage Electronic Registration Systems, Inc., on behalf of CHL, filed a motion for relief from stay seeking relief as to Plaintiffs' home, which secured the very loans at issue in this action. Plaintiffs were discharged from bankruptcy on October 29, 2008 and their case was closed on December 4, 2008.

Plaintiffs filed suit on September 14, 2009 in Spencer County Circuit Court against Countrywide Home Loans, Inc., Countrywide Financial Corporation, Bank of America Corporation, Best Choice Mortgage, Inc., and Kentuckiana Title, Inc. Plaintiffs alleged multiple common law and statutory claims against these defendants, including violations of the Truth-in-Lending Act, the Real Estate Settlement Procedures Act, the Kentucky Consumer Protection Act, Kentucky's Mortgage Loan Act, as well as fraud, breach of fiduciary duty, and negligent misrepresentation. Defendants Countrywide Home Loans, Inc., Countrywide Financial Corporation, and Bank of

America Corporation (collectively "Defendants") removed the action to this Court on October 12, 2009.

Defendants now move the Court for judgment on the pleadings based on the doctrine of judicial estoppel.

## STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)). While the allegations of the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Legal conclusions and unwarranted factual inferences need not be accepted as true. *JPMorgan*, 510 F.3d at 582 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)).

## DISCUSSION

The Bankruptcy Code requires a debtor file "a schedule of assets and liabilities."11 U.S.C.

§ 521(1). A cause of action is an asset that must be scheduled under §521(1). *Lewis v. Weyerhaeuser Co.*, 141 Fed. App'x 420, 424 (6th Cir. 2005). "Moreover, the duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." *Id.*

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal quotation marks and citations omitted). This doctrine is intended to "preserve[] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2003) (internal quotation marks and citations omitted). Because of this intent, "judicial estoppel is an equitable doctrine invoked by a court at its discretion." *New Hampshire*, 532 U.S. at 750 (internal quotation marks and citations omitted).

The Supreme Court has set out three factors to consider when determining whether to apply the doctrine of judicial estoppel:

> First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire*, 532 U.S. at 750-751 (internal citations omitted). These factors were not intended to be exhaustive or inflexible and additional facts or circumstances may inform application of the doctrine in specific factual contexts. *Id.* The Sixth Circuit primarily focuses on the first two factors: "judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position

4

'either as a preliminary matter or as part of a final disposition.'" *Browning*, 283 F.3d at 775 (6th Cir. 2002) (citation omitted).

Both of these factors are present in this case. First, Plaintiffs pursuit of this action is "contrary to" their sworn bankruptcy petition. Plaintiffs' petition, which was signed under penalty of perjury, indicates that Plaintiffs had no contingent and unliquidated claims. However, less than a year after discharge, Plaintiffs filed this action. The Sixth Circuit has previously found that pursuing an undisclosed cause of action creates an inconsistency sufficient to support judicial estoppel. *Lewis*, 141 Fed. App'x at 425; *Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 898 (6th Cir. 2004); *Browning*, 283 F.3d at 775. Second, it is clear that in granting a "No Asset" discharge the bankruptcy court adopted Plaintiffs' statement that they had no potential causes of action. *In re Blose*, No. 01-36066, 2009 WL 2982932 (Bkrtcy. W.D. Ky. Sept. 14, 2009).

The Sixth Circuit has held that judicial estoppel is inappropriate where the conduct amounts to nothing more than mistake or inadvertence. *Browning*, 283 F.3d at 776. Following the Fifth Circuit in *In re Costal Plains, Inc.*, 179 F.3d 197 5th Cir. 1999), the Sixth Circuit held that there are two circumstances where a debtor's failure to disclose a cause of action in a bankruptcy proceeding may be inadvertent: (1) where the debtor lacks knowledge of the factual basis of the undisclosed claims and (2) where the debtor has no motive for concealment. *Browning*, 283 F.3d at 776. Knowledge does not require "the debtor . . . know all the facts or even the legal basis for the cause of action, rather, if the debtor has enough information . . . to suggest that it may have a possible cause of action, then it is a 'known' cause of action such that it must be disclosed." *In re Costal*, 179 F.3d at 208. Motive may be inferred from knowledge. *Felix v. Dow Chemical*, No. 2:07-cv-971, 2008 WL 207857, *6 (S.D.Ohio Jan. 23, 2008); *Tyler v. Federal Express Corp.*, 420 F.Supp.2d 849,

858 (W.D.Tenn. 2005), *aff'd*, 206 Fed. App'x 500 (6th Cir. Nov 16, 2006). For example, in *Tyler v. Federal Express Corp.*, the court found that when the plaintiff "filed her bankruptcy petition she was aware of, yet failed to disclose, a then pending claim." 420 F.Supp.2d at 858. The court went on to say "[a] motive to conceal can be inferred from this fact alone, as by omitting the claims, she could keep any proceeds for herself and not have them become part of the bankruptcy estate." *Id.* (internal quotation marks and brackets omitted) (citing *Barger v. City of Cartersville*, 348 F.3d 1289, 1296 (11th Cir.2003)).

As to inadvertence or mistake, the record reflects Plaintiffs had knowledge of the factual basis of the undisclosed claims and there was motive for concealment. Plaintiffs claims in this action arose from events taking place in 2004 through 2008. From the Complaint it is evident Plaintiffs had knowledge of the factual basis of the now asserted claims at the time of their bankruptcy. Motive may also be inferred here since any recovery post discharge would not become part of Plaintiffs bankruptcy estate but would instead benefit Plaintiffs.

The Sixth Circuit adopted the "good faith" exception to judicial estoppel in *Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894 (6th Cir. 2004). Therefore, "[e]vidence of an absence of bad faith, such as where plaintiffs continuously took steps to notify the bankruptcy trustee of their pending litigation prior to the defendant's filing its motion to dismiss on the basis of judicial estoppel, will also be considered." *Lisiecki v. Bank of America, N.A.*, No. 08-12380, 2009 WL 1438550, *3 (E.D.Mich. May 19, 2009). "[T]he burden of establishing the absence of bad faith is on the plaintiff when the defendant has shown that the plaintiff possessed knowledge of the factual basis of the claims and had motive to conceal them from the bankruptcy court." *Id.* (citing *Maxwell v. MGM Grand Detroit, L.L.C.*, No. 03-73134, 2007 WL 205095, at *7 (E.D.Mich. July 16, 2007)).

As evidence of absence of bad faith, Plaintiffs assert that they did not learn of the potential for a lawsuit until consulting with an attorney and they failed to disclose the claim because they lacked an understanding of the law. Defendants contend Plaintiffs consulted with, and were represented by, their bankruptcy attorney and they are bound by the actions of their attorney, i.e., an attorney's failure to advise a debtor that he must disclose a cause of action is no excuse.

In *Eubanks,* the court concluded the plaintiffs had acted in good faith because they had amended the bankruptcy schedules once, attempted to amend the schedules a second time, and they put the court and the Trustee on notice of the claim through correspondence, motions and status conference requests. 385 F.3d at 899. District courts within the Sixth Circuit have repeatedly distinguished *Eubanks* when there is no evidence the plaintiff took direct action to inform the bankruptcy court of the undisclosed claim. *E.g., In re Blose*, No. 01-36066, 2009 WL 2982932 (Bkrtcy. W.D. Ky. Sept. 14, 2009); *Lisiecki v. Bank of America, N.A.*, No. 08-12380, 2009 WL 1438550 (E.D.Mich. May 19, 2009); *Felix v. Dow Chemical*, No. 2:07-cv-971, 2008 WL 207857 (S.D.Ohio Jan. 23, 2008); *Maxwell v. MGM Grand Detroit, L.L.C.*, No. 03-73134, 2007 WL 205095, (E.D.Mich. July 16, 2007); *Tyler v. Federal Express Corp.*, 420 F.Supp.2d 849 (W.D.Tenn. 2005). For example, in this district, the bankruptcy court granted the defendants motion to dismiss on judicial estoppel grounds after finding the actions of the plaintiff "[fell] far short of the actions taken by the debtors in Eubanks." *In re Blose*, 2009 WL 2982932, *5. The court noted that the plaintiff had waited over seven years before notifying the Trustee and the court of her claims and did not provide any notice until after the defendant had moved for summary judgment in the state court case. *Id.*

Here, Plaintiffs bear the burden of pleading and showing an absence of bad faith and

Plaintiffs have failed to meet this burden. Unlike the plaintiffs in *Eubanks*, Plaintiffs have taken no action at any time to notify the bankruptcy court of any potential or pending claims. Only after Defendants filed this motion for judgment on the pleadings did Plaintiffs raise the desire to reopen the bankruptcy case in order to amend the schedules.

At stated, Plaintiffs ask the Court to permit Plaintiff to reopen their bankruptcy estate pursuant to 11 U.S.C. § 350 in order to amend their schedules to include the claims they are currently pursuing against Defendants. Plaintiffs rely upon *In re Daniel*, 205 B.R. 346 (N.D. Ga. 1997), for the assertion that debtors are allowed to reopen their bankruptcy cases in order amend schedules to add a pre-petition cause of action as an asset. However, at least one court has held that the case of *In re Daniel* and the proposition "that amending one's bankruptcy filings is sufficient to 'cure' one's prior position . . . [is] contrary to the stance of the Court of Appeals for the Sixth Circuit and other courts within [the Sixth Circuit]." *Maxwell v. MGM Grand Detroit, L.L.C.*, No. 03-73134, 2007 WL 205095, *5 (E.D.Mich. July 16, 2007). In *Tyler v. Federal Express Corp.*, 420 F.Supp.2d 849, 858 (W.D.Tenn. 2005), *aff'd*, 206 Fed. App'x 500 (6th Cir. Nov 16, 2006), the Sixth Circuit upheld the dismissal of a case under the judicial estoppel doctrine notwithstanding the fact that the plaintiff amended her bankruptcy schedule to include the case as an asset. Plaintiff did not amended the schedule until after the defendant had moved for summary judgment on the basis that plaintiff had not disclosed the case as an asset in her bankruptcy filings. *Id.* The district court, quoting the Eleventh Circuit, explained:

> [t]he success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets.

8

420 F.Supp.2d at 859 (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir.2002). Following the Sixth Circuit and other courts within this circuit, the Court finds that amendment of Plaintiffs bankruptcy filings would be insufficient to cure the defect of failure to disclose previously.

Finally, Plaintiffs assert that judicial estoppel does not bar non-monetary relief such as injunctions, even if the claim is undisclosed during bankruptcy. Plaintiffs assert they seek remedies which are not monetary, therefore their claims are not barred. Defendants argue that Plaintiffs have not properly asserted a right to injunctive relief; therefore, dismissal pursuant to judicial estoppel remains the appropriate action.

The Eleventh Circuit in *Burnes v. Pemco Aeroplex, Inc.*, held that judicial estoppel was not applicable to specific claims of the plaintiff for injunctive relief. 291 F.3d 1282, 1288 (11th Cir. 2002). The court reasoned that "knowledge that the debtor was pursuing a discrimination claim seeking injunctive relief that offered no monetary value to the estate, would not, in all likelihood, have changed the bankruptcy court's determination about how to proceed with the debtor's bankruptcy." *Id.* The court then concluded that the "undisclosed claim for injunctive relief offered nothing of value to the estate and was of no consequence to the trustee or the creditors." *Id.* However, in a footnote the court noted "[i]n reaching this conclusion, we express no opinion about other cases of undisclosed claims for non-monetary relief to which judicial estoppel may or may not apply. The facts of a particular case will always guide a court's analysis of this issue." *Id.* at n.3.

Plaintiffs' Prayer for Relief in their Complaint requests "Temporary and permanent injunctions restraining the defendant from further violations." This is the only reference to injunctive relief.

Without determining whether Plaintiffs have properly alleged a claim for injunctive relief, the Court finds judicial estoppel is applicable even to Plaintiffs claims for injunctive relief. The Court notes that during the bankruptcy proceedings, Mortgage Electronic Registration Systems, Inc., on behalf of CHL, filed a motion for relief from stay seeking relief as to Plaintiffs' home. Plaintiffs home was secured by the loans now at issue in this action. The Court believes knowledge that Plaintiffs had potential claims against Defendants may have changed the bankruptcy court's determination about how to proceed with the debtor's bankruptcy.

Further, while Plaintiffs request temporary and permanent injunctions restraining Defendants from further violations, the Court notes they also allege and request actual damages for each count. Plaintiffs have not alleged any continuing injury such that it is probable injunctive relief would have been granted, particularly where actual damages are sufficient to provide full relief for the claims asserted by Plaintiffs. The Court finds judicial estoppel remains appropriate, even as to Plaintiffs claims for injunctive relief.

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED. An appropriate order shall issue.